FILED
03/02/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Pamela Owens
DV-56-2022-0000170-DK
Fehr, Jessica
1.00

Jory C. Ruggiero, Esq.
Maxwell E. Kirchhoff, Esq.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
Ph:   (406) 587-1900
Fax:  (406) 587-1901
*jory@westernjusticelaw.com*
*max@westernjusticelaw.com*

Attorneys for Plaintiff

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
# YELLOWSTONE COUNTY

| | |
|---|---|
| VICTORIA SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARING FOR MONTANANS, INC. fka BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORPORATION, and JOHN DOES 1-10.<br><br>Defendants. | DV-56-2022-0000170-DK<br>Cause No: _____<br><br>Jessica T. Fehr<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES AND INJUNCTIVE RELIEF**<br><br>and<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows in support of her Complaint against Defendants.

## I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Victoria Smith is a resident of Billings, Yellowstone County, Montana.

2. Defendant, Caring for Montanans, Inc., fka Blue Cross and Blue Shield of Montana, Inc. ("CFM"), is a health insurer incorporated in Montana, with its principle place of business in Montana, and with its registered agent based in Helena, Lewis & Clark County, Montana. CFM is a citizen of Montana.

3. Defendant, Health Care Service Corporation ("HCSC"), is a health insurer with its principal place of business in Chicago, Cook County, Illinois.

4. At all times mentioned each of CFM and HCSC (collectively, "Blue Cross"), was the representative, agent, employee, joint venturer, or alter ego of each other and in doing the things alleged herein was acting within the scope of its authority as such. Specifically, each Defendant was but an instrumentality or conduit of the other in the prosecution of a venture, the illegal or improper subrogation of Plaintiff and the Class' medical expenses. Therefore, it would be inequitable for either Defendant to escape liability for an obligation incurred for the benefit of both Defendants.

5. Defendants John Does 1-10 are other entities, unknown to Plaintiff at this time, who contributed to causing Plaintiff's damages.

6. This Court has jurisdiction over the subject matter and the parties to this action because the damages suffered by Plaintiff occurred in Yellowstone County.

7. Pursuant to §§ 25-2-121 and 25-2-122, MCA, venue properly lies in the Montana Thirteenth Judicial District.

## II. GENERAL ALLEGATIONS

8. Plaintiff underwent a total left hip replacement surgery in Billings, Montana, in 2004.

9. Plaintiff's left hip replacement eventually failed.

10. As a consequence of her failed hip replacement, Plaintiff was forced to undergo another left hip surgery on May 11, 2018.

11. Plaintiff filed suit against the manufacturer of her prosthetic hip replacement.

12. Plaintiff's suit against the prosthetic hip manufacturer resolved in April of 2021.

13. Plaintiff contracted for health insurance with Blue Cross from at least January 1, 2018, through January 1, 2019.

14. Blue Cross, through its agent, asserts that it paid medical expenses related to Plaintiff's March 18, 2021 hip surgery and that Blue Cross has a subrogation lien against Plaintiff to recover such medical expenses.

15. On February 15, 2022, Blue Cross provided Plaintiff with a chart of medical expenses for which it is claiming a subrogation lien against Plaintiff. Blue Cross also threatened that the amount of its claim may increase.

16. The amount of medical expenses for which Blue Cross currently claims a subrogation lien against Plaintiff is $42,245.56.

17. Plaintiff purchased her 2018 health insurance from Blue Cross through HealthCare.gov, also known as the Health Insurance Marketplace®, or the Exchange.

18. Plaintiff's 2018 health plan with Blue Cross indicates that any right of subrogation held by Blue Cross, "may not be enforced until the Member has been completely compensated for the injuries." (Plaintiff's Policy, p. 63).

19. Blue Cross' plan language quoted above is consistent with Montana's statutes governing health insurers, which state that a health service corporation's right of subrogation "may not be enforced until the injured insured has been fully compensated for the insured's injuries." (Mont. Code Ann. § 33-30-1102). This is Montana's Made Whole Doctrine.

20. Upon information and belief, Blue Cross never conducted the requisite made whole analysis prior to asserting a subrogation lien of more than $40,000 against Plaintiff.

21. Blue Cross knows that Plaintiff has not been fully compensated for her injuries.

22. In violation of its own policy language and Montana law, Blue Cross illegally seeks to subrogate more than $40,000 from Plaintiff.

### III. CLASS ACTION ALLEGATIONS

23. Plaintiff hereby incorporates every other allegation in this Complaint as though fully set forth herein.

24. Pursuant to Montana Rule of Civil Procedure 23, Plaintiff brings this action on her own behalf and on behalf of all others similarly situated. The Class represented by Plaintiff consists of:

> Blue Cross insureds under policies that are subject to the Made Whole Doctrine and were issued or renewed in the State of Montana between March 2, 2014, and the present, where: (i) a Blue Cross insured incurred medical expense(s), (ii) the medical expense(s) were payable under a Blue Cross policy, and (iii) Blue Cross engaged in subrogation without first making a made whole determination.

"Subrogation" includes situations where Blue Cross did not make payment of benefits because a tortfeasor was paying or might pay medical costs. This is termed "de facto subrogation" by the Montana Supreme Court in numerous cases, including *State Auditor v. Blue Cross Blue Shield of MT*, 2009 MT 318, ¶¶ 18-19, 352 Mont. 423, 218 P.3d 475. *See, Rolan v. New West Health Services,* 2013 MT 220, ¶¶ 8-9, 371 Mont. 228, 307 P.3d 291. Subrogation also includes situations where Blue Cross received and kept reimbursement from medical providers, when a tortfeasor commenced paying medical costs. *Id.* Subrogation further includes traditional subrogation where Blue Cross asserts a claim for reimbursement against funds paid by an alleged tortfeasor. *Id.*

25. Class certification is appropriate for the benefit of the Plaintiff and the Class Members under Montana Rule of Civil Procedure 23(a) because: 1) members of the Class are so numerous that joinder of all members is impractical; 2) there are questions of law and fact common to the class; 3) the claims of the Plaintiff are typical of the claims

of the Class; and 4) the Plaintiff will fairly and adequately protect the interests of the Class.

26.  Questions of law and fact that are common to the Plaintiff's and Class Members' claims include, *inter alia*:

a.  Whether Blue Cross is liable to the Plaintiff/Class Members for compensatory damages based upon the legal theories asserted herein;

b.  Whether Blue Cross is liable to Plaintiff/Class Members for punitive damages under Montana law and if so, the amount of punitive damages to be awarded;

c.  Whether Blue Cross is liable for the Plaintiff's/Class Members' litigation costs and attorneys' fees;

d.  Whether Blue Cross' pursuit of subrogation without first conducting a made whole analysis violates Montana law;

e.  Whether Blue Cross' pursuit of subrogation without first conducting a made whole analysis constitutes a breach of Blue Cross' health plan(s);

f.  Whether Blue Cross' pursuit of subrogation without first conducting a made whole analysis constitutes insurance bad faith; and

g.  Whether Blue Cross should be enjoined from continuing its pattern and practice of pursuing subrogation without first conducting a made whole analysis.

27.  The Plaintiff's claims are typical of the claims of the Class and these common claims predominate over any questions affecting only individuals. The Plaintiff has the same interest as other members of the Class and will vigorously prosecute those

interests on behalf of the Class. Plaintiff's counsel at Western Justice Associates, PLLC, is experienced in complex litigation of this type and will vigorously pursue the Plaintiff's and Class Members' interests.

28.     Class Certification is appropriate under Montana Rule of Civil Procedure 23(b)(1), because the prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Blue Cross and inconsistent or varying adjudications for all parties. In addition, adjudications with respect to individual members of the Class might, as a practical matter, be dispositive of the interests of other individuals not parties to the litigation.

29.     Class certification is appropriate under Montana Rule of Civil Procedure 23(b)(2) because Blue Cross has acted, and refused to act, on grounds generally applicable to the Class, making relief appropriate for the benefit of the Plaintiff and the Class.

30.     The questions of law and fact that are common to the Plaintiff and Class Members predominate over any questions affecting only individual members. A class action is superior to other methods of adjudicating this controversy under Montana Rule of Civil Procedure 23(b)(3) because: 1) due to the fact that the Plaintiff and Class Members' claims arise from a common nucleus of operative facts, the class action device will provide the benefits of economies of scale and comprehensive adjudication by a single court; 2) there has been little, if any, litigation already commenced by members of the Class to determine the questions presented; 3) were these claims not certified,

individual adjudication across numerous courts would be economically inefficient and unduly burdensome; and 4) Class Members' claims can be easily identified, located and repaid by Blue Cross.

31. Blue Cross' wrongful refusal to honor its obligations under Montana law and its own policies has caused the Plaintiff/Class Members damages, including, but not limited to, having to deal with and defend against illegal subrogation claims, stress, loss of insurance benefits, loss of interest, and litigation fees/costs.

## IV. LEGAL CLAIMS FOR RELIEF

## COUNT ONE – DECLARATORY JUDGMENT

32. All allegations asserted in this Complaint are incorporated herein by reference. The allegations in this Count support the claims of both the named Plaintiff and the Class Members.

33. Plaintiff, Class Members and Blue Cross are parties whose rights and legal relations are affected by Montana's Made Whole Doctrine. Plaintiff is entitled to seek declaratory ruling pursuant to MCA § 27-8-201, et. seq.

34. Plaintiff is entitled to a declaratory ruling that Blue Cross may not subrogate, before Plaintiff and class members have been made whole and without conducting a made whole analysis.

35. Plaintiff is entitled, *inter alia*, to statutory interest, reasonable attorneys' fees and costs of suit.

## COUNT TWO – BREACH OF CONTRACT

36. All allegations asserted in this Complaint are incorporated herein by reference. Such allegations support the claims of both the named Plaintiff and Class Members.

37. Blue Cross has a contractual duty to timely provide health insurance benefits covering Plaintiff's medical expenses.

38. Blue Cross has a contractual duty to abstain from subrogation until its insured(s) are made whole.

39. Blue Cross breached this contractual duty by pursuing subrogation liens/claims without first conducting a made whole analysis.

40. Blue Cross' breach of contract is a substantial factor in causing Plaintiff's and Class Members' damages.

## COUNT THREE – INSURANCE BAD FAITH

41. All allegations asserted in this Complaint are incorporated herein by reference. The allegations in this Count support the claims of both the named Plaintiff and the Class Members.

42. In its dealings with Plaintiff, Blue Cross unreasonably breached its statutory duties under the Montana Unfair Claims Settlement Practices Act by violating § 33-18-201, *et seq.*, MCA, which provides, *inter alia*, that an insurer may not:

(1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;

(4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; and

(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

43.     As a direct and proximate result of Blue Cross' violations of the above referenced statute, Plaintiff suffered damages as alleged herein.

44.     Blue Cross knew or should have known that it is improper to engage in illegal subrogation in Montana. Blue Cross knew that its conduct in attempting to subrogate money that it is not owed was highly likely to harm Plaintiff. Blue Cross acted with indifference to the high likelihood of injury to Plaintiff and class members. Blue Cross' conduct constitutes malice under Montana law.

## V. CLAIMS FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

1.      For the certification of a class pursuant to Rule 23, M.R.Civ.P.;

2.      For an order establishing a system to identify the Class Members. The details of such system should be evaluated after initial discovery has been conducted against Blue Cross;

3.      For an order directing Blue Cross to re-pay Class Members all funds that

it improperly subrogated before Blue Cross demonstrated that such Class Members were made whole;

4. For an order directing Blue Cross to pay the Class Members interest on all insurance benefits improperly subrogated by Blue Cross before Blue Cross demonstrated that such Class Members were made whole;

5. For an order directing Blue Cross to pay all costs associated with identifying and providing any notices to the Class;

6. For all other compensatory damages to be proved at the time of trial, in an amount sufficient to return Plaintiff and Class Members to the position they would have attained absent Blue Cross' wrongdoing;

7. For declaratory judgment as requested herein;

8. For a reasonable sum of money to compensate the Plaintiff/Class Members for attorneys' fees and costs incurred incident to the prosecution of this claim, pursuant to the Montana Declaratory Judgments Act, MCA § 27-8-101, *et. seq.*; Common Fund Doctrine; Private Attorney General Doctrine; the insurance exception to the American Rule; and any other applicable law;

9. For punitive damages in an amount sufficient to deter and serve as an example to other insurance companies and agencies not to engage in similar conduct;

10. For injunctive relief prohibiting Blue Cross from continuing to subrogate health insurance benefits in violation of Montana's Made Whole Doctrine; and

11. For such other relief as the Court deems just.

## VI. REQUEST FOR JURY TRIAL

The Plaintiff requests that all issues of fact so triable be determined by a twelve-person jury.

DATED this 2nd day of March, 2022.

                WESTERN JUSTICE ASSOCIATES, PLLC

                _____
                Jory C. Ruggiero, Esq.
                Maxwell E. Kirchhoff, Esq.
                303 West Mendenhall, Ste. 1
                Bozeman, MT 59715
                *Attorneys for Plaintiff*