## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| VICTORIA SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, and JOHN DOES 1-10,<br><br>Defendants. | CV 22-50-BLG-SPW<br><br><br>ORDER |

Before the Court are United States Magistrate Judge Kathleen DeSoto's Findings and Recommendation, filed March 7, 2023. (Doc. 34). Judge DeSoto recommends this Court grant the Motion to Dismiss filed by Defendant Health Care Service Corporation, doing business as Blue Cross Blue Shield of Montana, ("Blue Cross"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*). Plaintiff Victoria Smith timely objected to the Findings and Recommendation. (Doc. 35).

After a careful review of the filed objections and Blue Cross's response (Docs. 35, 39), the Court rejects the legal standard applied by Judge DeSoto, adopts her recommendation that the case be dismissed, and rejects her recommendation that the case be dismissed with prejudice. Accordingly, the Court

1

construes Blue Cross's motion as challenging subject matter jurisdiction under Rule 12(b)(1), grants the motion, and orders the case to be dismissed without prejudice.

## I.    Background

The parties do not object to Judge DeSoto's recitation of the facts of this case. The Court therefore adopts Judge DeSoto's recitation of the facts and reiterates only those necessary to its analysis of Smith's objections.

Smith received total hip replacement surgery in 2004. (Doc. 34 at 1). The replacement eventually failed, and she underwent a second hip replacement surgery in May 2018. (*Id.* at 1-2). Blue Cross paid for the medical expenses from the May 2018 surgery. (*Id.* at 2).

After her second surgery, Smith sued the manufacturer of her prosthetic hip replacement. (*Id.*). Her case "resolved" in April 2021. (*Id.* at 3). On February 11, 2022, Smith's attorney wrote a letter to Blue Cross's subrogation vendor, the Rawlings Company ("Rawlings"), to obtain information about a potential Blue Cross lien. (Doc. 11-1). Rawlings responded on February 15 with a four-page summary of the $42,245.56 in medical expenses paid by Blue Cross on behalf of Smith. (Doc. 8-2).

Smith filed this putative class action in state court on March 2, 2022, and Blue Cross removed the case to this Court on May 23, 2022, based on diversity

jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. (Docs. 1, 3). Smith sought three claims for relief. First, she requested a declaratory ruling that Blue Cross may not subrogate before Smith and all class members "have been made whole and without conducting a made whole analysis." (Doc. 3 at 8). Smith argued that the February 15 letter from Rawlings constituted an assertion of Blue Cross's subrogation lien prior to its undertaking of a made whole analysis and to Smith being fully compensated, contrary to Montana law. (*Id.*). Smith presented two other counts, which she does not discuss in her objections. (*See id.* at 9-10).

## II.     Standard of Review

The parties are entitled to de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to are reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and

3

the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M-DWM-JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.*

## III.   Discussion

Smith lodges two objections: (1) Judge DeSoto failed to construe evidence in a light most favorable to Smith in determining that Blue Cross did not assert a subrogation lien against Smith; and (2) Judge DeSoto's recommendation that the case be dismissed with prejudice is contrary to law.

The Court finds that the first objection is proper and reviews Judge DeSoto's analysis of the matter de novo. However, her second objection is improper because Smith had the opportunity to argue it to Judge DeSoto in response to Blue Cross's argument in its opening brief but failed to do so. Thus, the Court reviews Judge DeSoto's analysis of the matter for clear error. Smith did not object to Judge DeSoto's recommendations on the declaratory judgment and insurance bad faith claims, so the Court will also review those recommendations for clear error.

The Court also takes issue with Judge DeSoto's application of the Rule 12(b)(6) standard, based on Blue Cross's filing of its motion pursuant to Rule 12(b)(6), because Blue Cross invokes subject matter jurisdiction concepts in

briefing. The Court will discuss this issue before analyzing Smith's objections, since the outcome dictates the applicable legal standard.

### A.     *Rule 12(b)(6) versus Rule 12(b)(1)*

Blue Cross moved to dismiss Smith's Complaint (Doc. 3) on the grounds that she failed to state a claim for relief, pursuant to Rule 12(b)(6). (Doc. 7). Blue Cross argues that Smith failed to state a claim for relief because Blue Cross "did not attempt to enforce its right of subrogation, and [Smith's] attempt to seek a declaration about future, hypothetical events is thus not ripe." (Doc. 8 at 11). In other words, Smith failed to state a claim because the events that would have given rise to a legally cognizable claim—Blue Cross's "assertion" of its subrogation rights against Smith prior to her being fully compensated for her damages or to Blue Cross conducting a made whole analysis—never occurred. (*See* Doc. 34 at 7-8). Based on Blue Cross's characterization of its motion as pursuant to Rule 12(b)(6) motion, Judge DeSoto applied the legal standard for a Rule 12(b)(6) in recommending that the Court grant Blue Cross's motion and dismiss Smith's case with prejudice. (*Id.* at 4-6).

Smith argues in her second objection concerning dismissal with or without prejudice that Blue Cross relies on a subject matter jurisdiction concept—ripeness—as the basis for its motion, despite filing its motion to dismiss under Rule 12(b)(6). (Doc. 35 at 15). Curiously, Smith does not object to the legal

standard applied by Judge DeSoto and did not argue in initial briefing that Blue

Cross's motion should be construed as a Rule 12(b)(1) challenge.  Smith also did

not argue to Judge DeSoto that the case should be dismissed without prejudice

because it concerned ripeness; rather, she only argued that amendment of her

complaint would not be futile.  (*See* Doc. 11 at 25-26).  Though the Court normally

would review an issue only raised in objections for clear error, the Court must

"police[]" subject matter jurisdiction on its "own initiative" and therefore reviews

the issue de novo.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

The difference between a Rule 12(b)(1) and Rule 12(b)(6) motion is "often

difficult to discern."  5B Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1350 (3d ed. 2023).  While "'the former determines

whether the plaintiff has a right to be in the particular court[,]" "'the latter is an

adjudication as to whether a cognizable legal claim has been stated.'"  *Trustees of*

*Screen Actors Guild-Producers Pension and Health Plans v. NYCA, Inc.*, 572 F.3d

771, 775 (9th Cir. 2009) (quoting Wright & Miller, *supra* § 1350).  Motions raising

ripeness issues should be construed by the Court as a Rule 12(b)(1) motion "even

if improperly identified by the moving party as brought under Rule 12(b)(6)."  *St.*

*Clair v. City of Chico*, 880 F.2d 199 201 (9th Cir. 1989).

"Ripeness is peculiarly a question of timing designed to prevent the courts,

through avoidance of premature adjudication, from entangling themselves in

6

abstract disagreements." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (internal citations and quotations omitted). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases of controversies consistent with the powers granted [to] the judiciary in Article III of the Constitution." *Id.* Accordingly, a claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (quoting 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3525 (1984)).[1] *See also Turner v. Brown*, 586 Fed. Appx. 427, 428 (9th Cir. 2014) (a claim is not ripe when a statute plaintiff claimed was unconstitutional had not been applied to him, and when "it was speculative that it will be applied to him."). Thus, when an asserted claim is unripe, there is no actual claim, and thus no case or controversy, for the Court to adjudicate, so the complaint must be dismissed.

The Court finds Judge DeSoto erred in failing to construe Blue Cross's motion as a challenge to subject matter jurisdiction under Rule 12(b)(1). The core of this case is whether Blue Cross prematurely "asserted" its subrogation rights

---

[1] The current edition of § 3525 in *Federal Practice and Procedure* uses identical language. 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3525 (3d ed. 2023).

against Smith. Blue Cross's chief argument is that it has not *yet* asserted those rights, and therefore Smith's contention that Blue Cross prematurely did so is "hypothetical." (Doc. 8 at 11). Based on the facts in the Complaint, Blue Cross still could, in theory, prematurely assert its subrogation rights against Smith. Or, it could properly assert them after Smith has been fully compensated for her damages, and negate the basis for Smith's lawsuit. Put another way, Blue Cross argues that Smith asks the Court to litigate "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Union Carbide Agric. Prods.*, 473 U.S. at 580-81 (quoting Wright, Miller, & Cooper, *supra*, § 3525). In fact, Blue Cross describes Smith's claim as "not ripe." (Doc. 8 at 11). Blue Cross's motion bears the badges of ripeness, so it is properly construed as a Rule 12(b)(1) motion.

On a Rule 12(b)(1) motion, the party seeking to invoke the Court's jurisdiction has the burden to establish it. *Scott v. Breeland*, 792 F.2d 925, 926 (9th Cir. 1986). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citation omitted). The Court also may review evidence outside the pleadings and resolve factual disputes where necessary. *Id.*

B.     *Whether Judge DeSoto Failed to Construe Evidence in a Light Most Favorable to Smith*

Smith contends that the Court should reject Judge DeSoto's finding that Blue Cross had not asserted a subrogation claim against Smith because Judge DeSoto did not construe the facts in the Complaint and the February 15 letter from Rawlings (Doc. 8-2) in the light most favorable to Smith.  Instead, Judge DeSoto's reading of the letter was "'fair[],' or with equal deference to Plaintiff and Defendant." (Doc. 35 at 5 (quoting Doc. 34 at 16)).  Smith alleges that Judge DeSoto's conclusion also "relies on substantial factfinding." (*Id.* at 10).

Because Blue Cross's motion is actually one challenging ripeness and is therefore a Rule 12(b)(1) motion, the legal standard applicable to Rule 12(b)(6) motions—namely that the Court must construe the facts in the light most favorable to the plaintiff and cannot undertake factfinding—is not applicable.   Instead, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine*, 704 F.2d at 1077 (internal citation omitted).  The Court also may resolve factual disputes where necessary, contrary to Smith's argument in her objection.  *Id.*[2]

---

[2] In briefing in front of Judge DeSoto, the parties disagreed on whether the February 15 letter could be incorporated and considered in the resolution of the motion. (*See* Doc. 11 at 22-23). Smith did not raise this issue in her objections, but Smith's concern in briefing is resolved by the

Further, Judge DeSoto's determinations were purely legal.  Judge DeSoto did not resolve any factual disputes, of which there are none.  Rather, she applied undisputed facts to the law to determine whether the facts constituted an assertion of a subrogation lien.

Accordingly, the Court overrules Smith's objection and adopts Judge DeSoto's finding that Blue Cross did not assert its subrogation lien against her.

C.    *Declaratory Judgment and Insurance Bad Faith*

Smith did not object to Judge DeSoto's recommendations on the declaratory judgment and insurance bad faith claims.  The Court does not find Judge DeSoto committed clear error and adopts her recommendations on these issues in full.

D.    *Whether Judge DeSoto Improperly Recommended Dismissal with Prejudice*

Smith next objects that Judge DeSoto improperly recommended that the case be dismissed with prejudice.  Smith argues that Blue Cross's "exclusive argument for dismissal" rests on jurisdictional grounds, namely ripeness." (Doc. 35 at 15). Putting aside the paradox created by Smith's simultaneous assertion of this jurisdictional argument and those relying on the standards for Rule 12(b)(6) motions, the Court agrees.  As stated, Blue Cross's motion is properly construed as made under Rule 12(b)(1).  Under Rule 12(b)(1), ripeness challenges must be

---

Court's evaluation of Blue Cross's motion under Rule 12(b)(1), which permits the Court to consider evidence outside the pleadings. *Augustine*, 704 F.2d at 1077.

dismissed without prejudice because they may ripen and be proper for adjudication in the future. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 785 (9th Cir. 2000). Thus, the Court sustains Smith's objection and rejects Judge DeSoto's recommendation that the case be dismissed with prejudice.

## IV.   Conclusion

For these reasons, the Court finds that Judge DeSoto (1) applied the incorrect legal standard, (2) correctly found that Blue Cross did not assert a subrogation claim against Smith as a matter of law and that dismissal of her case is proper, and (3) incorrectly concluded that dismissal should be with prejudice. Analyzing the Findings and Recommendation under Rule 12(b)(1), the Court finds dismissal of this case without prejudice is proper.

IT IS SO ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 34) are ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Blue Cross's Motion to Dismiss (Doc. 7) is GRANTED and this matter is dismissed without prejudice. The Clerk of Court is directed to enter judgment in favor of Blue Cross and close this matter.

DATED this __26th__ day of June, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

11